RAWLS, Judge.
The sole question on this appeal is whether the letters of administration which were issued to appellant, Laura Russell, were properly revoked.
On April 5, 1971, letters of administration were properly issued to Laura Russell as administratrix of the estate of Elizabeth W. Reid, deceased. The administratrix was duly qualified and assumed administration of the subject estate. On April 8, 1971, appellee, Erma Macready, filed a petition for probate of a purported will of decedent, Elizabeth W. Reid, and on that same date the County Judge issued letters testamentary to Erma Macready as the executrix of the estate of decedent, Elizabeth W. Reid. Thus, at this point the County Judge had placed decedent’s estate in the care of Laura Russell as administratrix, and subsequently, in the possession of Erma Macready as executrix. Of vital significance is the fact that the administratrix was given no citation of the will nor notice of the proposed probate of the will.
On April 9, 1971, the alleged executrix, Erma Macready, filed a petition to revoke the letters of administration which had been granted to Laura Russell. A copy of this petition was served on the administratrix’s attorney and after due notice and hearing the court entered an order revoking the letters of administration which provided, inter alia:
“ . . . Upon consideration of the matter, namely the granting of the Letters of Administration and the subsequent production of an instrument purporting to be the Last Will and Testament of the decedent, Elizabeth Reid, which has been duly probated and as a consequence of which the Court is legally obligated to revoke the Letters of Administration previously granted . . .” (Emphasis supplied.)
The order of revocation of letters of administration was not entered in accordance with the clear requirements of law and thus must be set aside. Florida Statutes, Section 732.44(7), F.S.A., provides:
“(7) After letters of administration have been granted, if any will is produced and probated, the aforesaid letters shall be revoked and letters testamentary shall be granted to the executor of said will, or letters of administration cum testa-mento annexo shall be granted, if there is no executor ready and willing to qualify, preference being given to the person, if otherwise qualified, who is selected by the persons beneficially interested in the estate. No such will shall be probated without citation to the administrator.” (Emphasis supplied.)
As stated above, no citation was given to the administratrix of the probate of the alleged will of decedent and thus the order revoking letters of administration which clearly reflects that the sole basis for this revocation was the probate of the will cannot stand as a matter of law. The procedural deficiency of giving citation to the duly qualified administratrix must be complied with prior to any order being entered removing her as administratrix upon the basis of the probate of a will. The statute is clear and would be meaningless if we held otherwise.
The order revoking letters of administration is reversed.
CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.